# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

**OLIVE SHADE LLC,**

    Plaintiff,

  v.

**CENSIS TECHNOLOGIES, INC.,**

    Defendant.

C.A. No.

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff Olive Shade LLC, ("Olive Shade"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Censis Technologies, Inc., ("Defendant" or "Censis"), from infringing and profiting from, in an illegal and unauthorized manner and without authorization and/or of the consent from Olive Shade, United States Patent No. 6,861,954 (the "'954 Patent") (the "Patent-In-Suit") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff Olive Shade is a corporation organized under the laws of Texas having a mailing address at 15922 Eldorado Pkwy., Suite 500-1501, Frisco, TX 75035.

3. On information and belief, Defendant is a company organized under the laws of the state of Tennessee having a principal place of business at 830 Crescent Centre Drive, Franklin, William County, Tennessee 37067-7323. Upon information and belief, Defendant

may be served with process by and through its Registered Agent: CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including residing in Tennessee, as well as because of the injury to Olive Shade, and the cause of action Olive Shade has risen, as alleged herein.

6. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Tennessee Long-Arm Statute, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Tennessee.

7. Defendant has conducted and does conduct business within the state of Tennessee, including the geographic region within the Middle District of Tennessee, directly or through intermediaries, or offers and advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Tennessee, including this judicial district, in a manner that infringes the Patent-In-Suit.

8. Venue lies in this District under 28 U.S.C. § 1400(b) because, among other reasons Defendant resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District. For example, Defendant has

used, sold and/or offered for sale infringing products in this District.

## THE PATENT-IN-SUIT

9. On July 25, 2000, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '954 Patent, entitled "Method and Apparatus for Peer-To-Peer Communication" after a full and fair examination.

10. Olive Shade is presently the owner of the patent and possesses all right, title and interest in and to the '954 Patent. Olive Shade owns all rights of recovery under the '954 Patent, including the exclusive right to recover for past infringement. The '954 Patent is valid and enforceable. A copy of the '954 Patent is attached hereto as Exhibit A.

11. The '954 Patent contains three independent claims and sixteen dependent claims.

12. The '954 patent discloses, *inter alia*, a system and method for tracking and associating a group of medical products with a group location based on a group radio frequency identification device signal.

## DESCRIPTION OF THE ACCUSED INSTRUMENTALITIES

13. Defendant's accused products, including but not limited to the "Censi*Trac*" inventory management solution (hereinafter "Accused Product"), comprise a first unit of a medical product (e.g., a first medical/surgical item) including a first unit radio frequency identification ("RF ID") device (e.g., an RF ID tag attached to the first medical/surgical item), the first unit RF ID device uniquely identifying the medical product and the first unit (e.g., the RF ID tag specifies the identity of the medical/surgical item (forceps, scalpels, etc.)).[1]

---

[1] *See* http://www.censis.com/censitrac/, last visited April 27, 2017.



14. The Accused Product comprises a second unit of the medical product (e.g., a second medical/surgical item) having a second unit RF ID device (e.g., an RF ID tag attached to second medical/surgical item), the second unit RF ID device uniquely identifying the medical product and the second unit (e.g., the RF ID tag specifies the identity of the medical/surgical item (forceps, scalpels, etc.)).[2]

15. The Accused Product comprises packaging combining the first unit and the second unit into a group, the packaging having a group RF ID device, the group RF ID device uniquely identifying the medical product, the first unit and the second unit. For example, tagged medical/surgical items are stored in boxes that are also tagged. The tag in the box identifies the medical/surgical items that are stored inside.[3]



---

[2] *Id.*
[3] *Id.*

4

16. The Accused Product includes the elements described in paragraphs 13-15 which are covered by at least claim 9 of the '954 patent.

## COUNT I
## (INFRINGEMENT OF THE '954 PATENT)

17. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-16.

18. Defendant, at least during internal testing of the Accused Product, has directly infringed and continues to directly infringe at least claim 9 of the '954 patent. Furthermore, Defendant uses, sells, and/or offers to sell the Accused Product, as described above, without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '954 patent, Plaintiff has been and continues to be damaged.

19. Defendant has had knowledge of its infringement of the '954 Patent at least as of the service of the present complaint.

20. By engaging in the conduct described herein, Defendant has injured Olive Shade and is thus liable for infringement of the '954 Patent, pursuant to 35 U.S.C. § 271.

21. Defendant has committed these acts of infringement without license or authorization.

22. To the extent that facts learned in discovery show that Defendant's infringement of the '954 Patent is or has been willful, Olive Shade reserves the right to request such a finding at the time of trial.

23. As a result of Defendant's infringement of the '954 Patent, Olive Shade has suffered harm and monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

24. Olive Shade will continue to suffer harm and damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Olive Shade is entitled to compensation for any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

25. Olive Shade demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

Olive Shade respectfully prays for the following relief:

26. That Defendant be adjudged to have infringed the Patent-In-Suit;

27. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the Patent-In-Suit;

28. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Olive Shade for Defendant's past infringement and any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

29. An assessment of pre-judgment and post-judgment interests and costs against Defendant, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284; and

30. That Olive Shade be given such other and further relief as this Court may deem just and proper.

Dated: June 20, 2017                              Respectfully submitted,

                                                  */s/ David L. Cooper*
                                                  David L. Cooper
                                                  BPR No. 11445
                                                  The Law Office of David L. Cooper, P.C.
                                                  208 Third Avenue North, Suite 300
                                                  Nashville, TN 37201
                                                  Phone: (615) 256-1008
                                                  dcooper@cooperlawfirm.com

                                                  */s/ Eugenio J. Torres-Oyola*
                                                  Eugenio J. Torres-Oyola
                                                  (*Pro Hac Vice* Application Pending)

                                                  */s/ Jean G. Vidal Font*
                                                  Jean G. Vidal Font
                                                  (*Pro Hac Vice* Application Pending)

                                                  Ferraiuoli LLC
                                                  221 Plaza, 5th Floor
                                                  221 Ponce de León Avenue
                                                  San Juan, PR 00917
                                                  Telephone: (787) 766-7000
                                                  Facsimile: (787) 766-7001
                                                  Email: etorres@ferraiuoli.com
                                                  Email: jvidal@ferraiuoli.com

                                                  **ATTORNEYS FOR PLAINTIFF**
                                                  **OLIVE SHADE LLC**

7

Case 3:17-cv-00969   Document 1   Filed 06/26/17   Page 7 of 7 PageID #: 7